I must respectfully dissent from the majority decision to reverse the Deputy Commissioner's Opinion and Award. Plaintiff suffers from pre-existing panic disorder, which was caused by a 1983 work-related incident, which unfortunately was not pursued within the statutory time period. Plaintiff's promotion to the position of shift trade supervisor, which required stricter attendance, possibly aggravated the symptoms of plaintiff's pre-existing panic disorder or made it more difficult for plaintiff to cope with the pre-existing disorder when plaintiff was no longer able to attend work on his own schedule. Nevertheless, these facts are insufficient to prove that plaintiff sustained an occupational disease under the Act.
This case is similar to that of Woody v. Thomasville Upholstry,355 N.C. 483, 562 S.E.2d 422 (2002), in which the North Carolina Supreme Court reversed the North Carolina Court of Appeals' decision which found a compensable occupational disease under circumstances where plaintiff's job-related stress caused her depression and aggravated her fibromyalgia. The Supreme Court held that
 "Notwithstanding the fact that plaintiff's job-related stress caused her depression and aggravated her fibromyalgia, such facts cannot support the conclusion that plaintiff's mental and physical conditions were occupational diseases as defined by the statute. The findings indicate merely that plaintiff suffered from depression and fibromyalgia after being placed in the unfortunate position of working for an abusive supervisor, which can occur with any employee in any industry or profession, or indeed, in similar abusive relationships outside the workplace."
In the instant case, as in Woody, plaintiff was not placed at an increased risk of "developing or contracting" occupational disease as compared to the general public. Plaintiff was exposed to stressors present in all employment, as attendance requirements are essential to most occupations and not specific to plaintiff's employment. Therefore, plaintiff's condition cannot be considered characteristic of and peculiar to her employment with defendant-employer. Instead, with regard to plaintiff's burden to prove increased risk of "developing or contracting" the disability, plaintiff's panic disorder is an ordinary disease to which the general public is equally exposed regardless of the fact that the pre-existing condition may have been aggravated by plaintiff's employment. In fact, the evidence indicating that plaintiff was placed at an increased risk of aggravating his pre-existing disorder is insufficient under the law to prove a compensable occupational disease.Futrell v. Resinall Corp., 151 N.C. App. 456, 566 S.E. 181 (2002), reviewon additional issues allowed, 356 N.C. 300, 570 S.E.2d 505,reconsideration denied, 356 N.C. 435, 572 S.E.2d 158 (2002). Hobbs v.Clean Control Corporation, ___ N.C. App. ___, 571 S.E.2d 860 (2002).
Based on the foregoing, I respectfully dissent and would affirm the Deputy Commissioner.
 S/_______________ DIANNE C. SELLERS COMMISSIONER